PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MELÉNDEZ ANDRADES, Defendant and Appellant.

No. 7423.   Argued February 6, 1939.—Decided March 24, 1939.

*Miguel A. Muñoz* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Luis Meléndez Andrades was sentenced by the District Court of San Juan to pay a fine of $100 or to suffer ninety days imprisonment in jail.   On the tenth of March of last year he took an appeal to this Court.   On October 15th, when the appellant had not perfected the appeal, that is, had not filed the judgment roll nor submitted to the lower court the transcript of the evidence or statement of facts and bill of exceptions, nor had he requested an extension for that purpose, the prosecuting attorney of this Court moved that the appeal be dismissed.   The motion was set for hearing on December 12th, it appearing from the proceedings that the Prosecuting Attorney and defendant Luis Meléndez Andrades had been notified.   On December 12th the defendant did not appear at the hearing of the motion to dismiss, and it appearing from the certificate presented by the Prosecuting Attorney that defendant had let the legal term expire with out perfecting the appeal, an order was issued dismissing it. On the 14th of December defendant requested that we reconsider the order of the 12th of the same month and that the appeal be reinstated, giving him an opportunity ''to comply

with the terms and conditions of the appeal and to submit the case on the merits to that Hon. Court.''

On December 30th of last year the Prosecuting Attorney filed a memorandum stating that, as it appeared from the affidavit of merits filed by defendant that he had not been personally notified of the motion to dismiss, the prosecution would not object to an order vacating the resolution of December 12th, thus giving the defendant an opportunity to answer a new motion for dismissal that he filed on that day. In accord with the memorandum filed by that officer the dismissal of the appeal was annulled and the second motion was set for a hearing on the 16th of last January. On the 12th of January defendant requested the continuance of the hearing set for the 16th, and with the prosecution's consent the continuance was decreed, setting it for the 6th of last month, on which date the motion was argued, both parties appearing.

It appears that the appeal was filed on the 10th of March of last year. Assuming that from that day until December 14th, when he appeared asking for the reconsideration of the order of December 12th dismissing the appeal, defendant was under the impression that he was perfecting his appeal, or that it had been perfected, even so, since December 14th of last year, when he had knowledge of the dismissal of his appeal, until last February 6th, the date of the second hearing, defendant had more than sufficient time to perfect the proceedings by filing in this court the requisite papers. Until now he has done nothing to that effect which might move our discretion in his favor. Under such circumstances, we must conclude that defendant has been negligent in the prosecution of his appeal and that therefore it should be dismissed.